# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CRYSTAL NICOLE MORGAN,

    Plaintiff,

v.                                                                                                                  Case No. 6:23-cv-902-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

    Defendant.

_____

## **OPINION AND ORDER**[2]

### **I.   Status**

Crystal Nicole Morgan ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of back, mental health, and breathing problems. Transcript of Administrative Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed August 14, 2023, at 94, 103; see Tr. at 363. Plaintiff protectively filed an

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 18), filed August 15, 2023; Reference Order (Doc. No. 19), entered August 16, 2023.

application for DIB on February 28, 2021, alleging a disability onset date of February 18, 2021.³ Tr. at 277-83. The application was denied initially, Tr. at 93, 94-101, 146-49, and upon reconsideration, Tr. at 102, 103-10, 158-66.⁴

On February 2, 2022, an Administrative Law Judge ("ALJ") held a hearing,⁵ during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 72-92. On March 1, 2022, the ALJ issued a decision finding Plaintiff not disabled through March 31, 2021, the date she was last insured for DIB ("DLI"). Tr. at 114-25. Plaintiff, proceeding on her own behalf, requested review of the decision. Tr. at 141-44, 214-16. On May 31, 2022, the Appeals Council granted Plaintiff's request for review and remanded the matter to the ALJ with instructions to correct Plaintiff's DLI (the Appeals Council calculated it as December 31, 2021) and re-adjudicate the claim using the corrected date. Tr. at 134-35.

The ALJ held another hearing⁶ on October 7, 2022, again taking testimony from Plaintiff and a VE. Tr. at 43-71. Plaintiff was represented by

---

³ Although actually completed on March 1, 2021, see Tr. at 277, the protective filing date for the DIB application is listed elsewhere in the administrative transcript as February 28, 2021, see, e.g., Tr. at 94, 103.

⁴ Some of these cited documents are duplicates.

⁵ The hearing was held via telephone, with Plaintiff's consent, because of the COVID-19 pandemic. Tr. at 74, 184-85, 206.

⁶ This hearing was also held via telephone, with Plaintiff's consent. Tr. at 45, 257-58.

different counsel at this hearing. Tr. at 43. On November 15, 2022, the ALJ issued a Decision finding Plaintiff not disabled through a corrected DLI of December 31, 2021. See Tr. at 17-32.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 270-72 (request for review). On March 6, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On May 15, 2023, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises the issue of "[w]hether the ALJ adequately explained how she considered the supportability and consistency factors when evaluating medical source opinions." Memorandum in Support of Plaintiff (Doc. No. 26; "Pl.'s Mem."), filed October 3, 2023, at 14 (emphasis omitted). On October 27, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 28; "Def.'s Mem.") addressing the issue. Then, on November 10, 2023, Plaintiff's Memorandum in Reply (Doc. No. 29; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[7] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, after determining the DLI was December 31, 2021, Tr. at 20, the ALJ followed the five-step inquiry, see Tr. at 20-32. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of February 18, 2021 through her [DLI]."

---

[7] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Tr. at 20 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff through the DLI "had the following severe impairments: disorder of the spine, asthma, posttraumatic stress disorder (PTSD), and depression." Tr. at 20 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff through the DLI "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 21 (emphasis and citation omitted).

The ALJ determined that Plaintiff had the following residual functional capacity ("RFC") through the DLI:

> [Plaintiff could] perform light work as defined in 20 CFR [§] 404.1567(b) except for the following limitations. [Plaintiff] could frequently climb ramps or stairs and occasionally climb ladders, ropes, or scaffolds. [Plaintiff] could frequently balance, stoop, kneel, crouch, and crawl. [Plaintiff] could tolerate frequent exposure to extreme temperature, wetness, humidity, vibrating surfaces and tools, dusts, odors, fumes, pulmonary irritants, and workplace hazards such as unprotected heights, moving mechanical parts, and operation of heavy machinery. [Plaintiff] could tolerate moderate noise. [Plaintiff] could understand, remember, and carry out simple, routine, rote, or repetitive tasks. [Plaintiff] could adapt to occasional, routine, and predictable workplace changes independently. [Plaintiff] could occasionally interact with supervisors, coworkers, and the general public.

Tr. at 23 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff through the DLI "was unable to perform any past relevant work" as a

"funeral director." Tr. at 31 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 31-32. After considering Plaintiff's age ("41 years old" on the DLI), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found through the DLI that there were "jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," Tr. at 31 (emphasis omitted), such as "Mail clerk," "Price marker," and "Office helper," Tr. at 32. The ALJ concluded Plaintiff "was not under a disability . . . at any time from February 18, 2021, the alleged onset date, through December 31, 2021, the [DLI]." Tr. at 32 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Although Plaintiff phrases her issue as generally challenging the ALJ's evaluation of the medical opinion evidence, Plaintiff focuses on the opinion of treating psychologist Rowena Ramnath, Psy.D. See Pl.'s Mem. at 17, 14-23. According to Plaintiff, the ALJ failed to properly analyze the required factors of supportability and consistency when evaluating Dr. Ramnath's opinion. Id. at 14-23; see Reply at 2-9. Moreover, Plaintiff challenges the reasons that the ALJ did provide as being inadequate and unsupported. Pl.'s Mem. at 14-23. Responding, Defendant argues the ALJ considered the required factors and her Decision is supported by substantial evidence. Def.'s Mem. at 5-17.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a).[8] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior

---

[8] Plaintiff filed her application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

- 8 -

precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[9]

---

[9] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

At issue here is the September 26, 2022 opinion of Dr. Ramnath, a treating psychologist who was asked to opine on Plaintiff's functioning from February 18, 2021 through the date of the opinion. Tr. at 2811-13. Dr. Ramnath opined Plaintiff was unlimited or very good in twelve out of sixteen mental abilities and aptitudes for unskilled work. Tr. at 2811. As for the remaining four, Dr. Ramnath opined Plaintiff was "limited but satisfactory" in her ability to get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes, and in her ability to deal with normal work stress. Tr. at 2811. According to Dr. Ramnath, Plaintiff was seriously limited in the ability to work in coordination with or in proximity to others without being unduly distracted. Tr. at 2811. Dr. Ramnath opined Plaintiff would be unable to meet competitive standards in the area of completing a normal workday and workweek without interruptions from psychologically based symptoms. Tr. at 2811. In support, Dr. Ramnath listed Plaintiff's mental diagnoses and stated she "experiences significant interpersonal difficulties, hypervigilance, and depressed mood when triggered." Tr. at 2811.

Regarding semiskilled or skilled work, Dr. Ramnath opined Plaintiff had unlimited or very good abilities in three of the four areas. Tr. at 2812. The fourth, dealing with stress of semiskilled and skilled work, was rated at "limited but satisfactory" by Dr. Ramnath. Tr. at 2812.

Regarding particular types of jobs, Dr. Ramnath assigned unlimited or very good abilities in two out of five categories. Tr. at 2812. As for the remaining three, Dr. Ramnath opined Plaintiff had "limited but satisfactory" abilities in traveling in an unfamiliar place and using public transportation, and Plaintiff is unable to meet competitive standards in the area of interacting appropriately with the general public. Tr. at 2812. In support, Dr. Ramnath wrote: "Working with the general public would be considered too unpredictable and leave [Plaintiff] vulnerable to potential triggers and psychological distress." Tr. at 2812. Dr. Ramnath stated that Plaintiff's "conditions . . . are stimulated by stress and negative/hostile interpersonal relations" so it is "not advised that she interact with the general public." Tr. at 2812.

Generally, Dr. Ramnath stated that Plaintiff "has made progress in treatment" but that she "continues to struggle with mental health symptoms that may adversely impact her ability to carry through with normal job functions. Tr. at 2812. Dr. Ramnath stated Plaintiff "may be easily triggered in social interactions"; may be significantly challenged in "[w]orking with the general public"; and "may also struggle with co-worker interactions as she continues to struggle with interpersonal issues." Tr. at 2812. According to Dr. Ramnath, Plaintiff could be expected to be absent about one day per month due to her symptoms. Tr. at 2812.

The ALJ found as follows with respect to Dr. Ramnath's opinion:

- 11 -

> The opinion of Rowena Ramnath, Psy.D., is partly persuasive. Limitations in social and adaptive functioning are supported by noted diagnoses with problems with relationships, depressed mood, and hypervigilance. They are consistent with treatment for such. However, more significant limitations, including in sustaining a typical workday or work month are not supported. There is no indication of more intensive care required, including hospitalization in the relevant period, even during periods of reported passive suicidal ideation. Mental health examinations were limited for more significant signs, including disturbances in mood or affect. She indicated desire to help with her parents and to travel.

Tr. at 30 (citations omitted).

The ALJ's findings, although imperfect, are adequate and supported by substantial evidence. The ALJ's discussion of Dr. Ramnath's opinion and the evidence reflects consideration of the required supportability and consistency factors. Most important, the ALJ reasonably determined Plaintiff's psychotherapy records support limitations in social and adaptive functioning but not the more extreme limitations assigned by Dr. Ramnath. Tr. at 30; see Tr. at 754-55, 811-13, 962-66, 1911-12, 2564-69 (noting Plaintiff had not been to psychotherapy in six months).[10] The ALJ also observed a lack of "more

---

[10] Plaintiff contends the ALJ's findings do not account for her fluctuation in symptoms. Pl.'s Mem. at 21-22. Moreover, as to the ALJ's finding that Plaintiff had desire to help her parents and travel, see Tr. at 30, Plaintiff argues it does not demonstrate inconsistency in Dr. Ramnath's findings "considering the range in fluctuation in symptoms." Pl.'s Mem. at 21-22.

(Continued…)

intensive care" even during times of passive suicidal ideation. Tr. at 30. Plaintiff does not factually challenge the lack of "more intensive care" that the ALJ observed.[11] Tr. at 30. Although perhaps not dispositive, it is a factor in the overall determination of Plaintiff's mental well-being and functioning.

Plaintiff argues that Dr. Ramnath's opinion was "only inconsistent with the non-examining state agency psychologists who reviewed the file at the initial and reconsideration level." Pl.'s Mem. at 21; see Tr. at 96-97 (initial review by James Levasseur, Ph.D.), 105-06 (reconsideration review by Janice Miller, Ph.D.). As the ALJ found, however, those opinions were "not persuasive" generally because they "are not supported, considering overall reported symptoms and indication of problems with stress and relationships." Tr. at 29-

---

The Eleventh Circuit has recognized that "the episodic nature of" bipolar disorder must be considered by an ALJ. Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019). An ALJ may not rely on "snapshots" of how a bipolar individual is doing to discredit medical findings because the disorder is "characterized by the unpredictable fluctuation of [its] symptoms, and thus it is not surprising that even a highly unstable patient will have good days or possibly good months." Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1106 (11th Cir. 2021) (citation omitted).

The undersigned notes that the facts in Simon and Schink differ from the facts here. First, they are both pre-2017 Regulations cases, which required that a treating doctor's opinion be given controlling weight unless there was good cause to discount it. Here, those Regulations (giving controlling weight to certain medical opinions) do not apply to Dr. Ramnath's opinion. Second, as reflected above, the ALJ's Decision adequately explains her reasoning for finding partially persuasive Dr. Ramnath's opinion. Third, the ALJ did not fail to recognize the episodic nature of Plaintiff's mental disorders. Instead, the evidence in the file simply does not support the more extreme mental limitations assigned by Dr. Ramnath.

[11]   The ALJ noted Plaintiff did have an involuntary hospitalization in 2017, years before the February 18, 2021 alleged onset date. Tr. at 28.

30. In other words, the ALJ did not rely on these non-examining opinions to the exclusion of aspects of Dr. Ramnath's opinion. As well, the ALJ was right to consider the consistency or lack thereof with the rest of the mental and other evidence, not just with other opinions.

In the end, the ALJ assessed the mental aspect of the RFC as "understand[ing], remember[ing], and carry[ing] out simple, routine, rote, or repetitive tasks . . . adapt[ing] to occasional, routine, and predictable workplace changes independently"; and "occasionally interact[ing] with supervisors, coworkers, and the general public." Tr. at 23. The ALJ's findings are supported by substantial evidence and need not be disturbed.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 16, 2024.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record